UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DONALD C. SCROGGINS | CIVIL ACTION NO. 24-1568 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SOUTHWESTERN ELECTRIC POWER CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Southwestern Electric Power Company's ("SWEPCO") Motion to Dismiss for Insufficient Service of Process. See Record Document 8. Plaintiff Donald C. Scroggins ("Scroggins") opposed. See Record Document 10. SWEPCO did not reply. For the reasons set forth below, SWEPCO's Motion (Record Document 8) is **GRANTED**, and Scroggins's claims are **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

Scroggins filed a Complaint against SWEPCO on November 13, 2024. See Record Document 1; see also Record Document 8-1 at 1. On December 5, 2024, summons was issued by the Court. See Record Document 4; see also Record Document 8-1 at 1. On December 10, 2024, Magistrate Judge Hornsby ordered Scroggins to serve SWEPCO within 90 days of filing his Complaint or by February 11, 2025. See Record Document 5; see also Record Document 8-1 at 1. Scroggins subsequently filed a Proof of Service representing that on February 18, 2025, SWEPCO was served through Bill Hulsey ("Hulsey"). See Record Document 7; see also Record Document 8-1 at 1–2.

## LAW AND ANALYSIS

**I. Legal Standard for Service of Process.**

Federal Rule 4(e) provides the rules for service of process on an individual:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Lee v. Deutsche Bank Nat'l Trust Co., No. 18-2887, 2019 WL 1057015, at *2 (E.D. La. Mar. 6, 2019) (quoting FED. R. CIV. P. 4(e)). Federal Rule 4(h) provides the rules for service of process on a corporation, partnership, or association:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service

2

> of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FED. R. CIV. P. 4(h).

In Louisiana, several code articles govern service of process on corporations.

Under Article 1261:

> A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
>
> B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of citation or other process may be made by any of the following methods:
>
>> (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
>>
>> (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
>>
>> (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

LA. CODE CIV. P. art. 1261. If service is unable to be made under Article 1261, after diligent effort, "then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last know address." LA. CODE CIV. P. art.1262.

"A party may move to dismiss a case for insufficient service of process" under Federal Rule 12(b)(5). River Healthcare, Inc. v. Baylor Miraca Genetics Labs., LLC, No. 22-135, 2023 WL 2542332, at *8 (M.D. La. Mar. 16, 2023). "'The party making service has the burden of demonstrating its validity when an objection to service is made.'" Id. (quoting Holly v. Metro. Transit Auth., 213 Fed. Appx. 343, 344 (5th Cir. 2007) (citing Carimi v. Royal Caribbean Cruise Line, Inc., 959 F. 2d 1344, 1346 (5th Cir. 1992))). "'When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner.'" Id. (quoting Ceasar v. La. Bd. of Ethics, No. 17-562, 2018 WL 2090184, at *4 (M.D. La. May 4, 2018) (citations omitted)). When deciding on a motion to dismiss for ineffective service of process, a district court has wide discretion. See id.

**II. Summary of the Arguments.**

SWEPO submits that service has never been made on its registered agent for service of process. See Record Document 8-1 at 2. SWEPCO asserts that Scroggins failed to follow the rules for service under either Federal Rule 4(h) or Louisiana law. See id. SWEPCO argues Hulsey is not identified with the Louisiana Secretary of State as an officer, managing or general agent, or agent otherwise authorized to accept process on behalf of SWEPCO. See id. at 3. According to the Louisiana Secretary of State, SWEPCO's registered agent is CT Corporation System. See Record Document 8-2 at 1.

Scroggins opposed, submitting that service was properly made in accordance with Articles 1201 and 1293. See Record Document 10 at 1. Scroggins contends that he served SWEPCO immediately after filing his Complaint; however, service "became

4

difficult and unusual." See id. His first attempt was personal service on SWEPCO's address on file; however, personal service failed "because there was [not] anyone who would accept the summons." See id. His second attempt was through the local sheriff's department; however, Scroggins argues the sheriff's department "returned the unexecuted summons because SWEPCO was no longer at the address provided to them." See id. at 2.

Thereafter, Scroggins avers he contacted a SWEPCO representative "who provided an email address where all summon[s] are received for SWEPCO." See id. He emailed a copy of the summons to the email address provided. See id. Scroggins claims he was contacted by Hulsey, a SWEPCO representative, and proceeded to email Hulsey "a copy of the summons upon his request." See id. He contends he made proper and timely service, and SWEPCO "failed to respond with a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation." See id.

**III. Analysis.**

The Court finds that Scroggins has failed to timely and properly serve SWEPCO under both federal and Louisiana law. Magistrate Judge Hornsby's Order required Scroggins to complete service and file evidence of service by February 11, 2025. See Record Document 5. Scroggins improperly served SWEPCO on February 18, 2025 and filed the returned executed summons on February 25, 2025. See Record Document 7. Thus, service was untimely.

According to SWEPCO's registration with the Louisiana Secretary of State, it is a non-Louisiana business corporation. See Record Document 8-2 at 1. SWEPCO lists one registered agent and 24 officers. See id. at 1–4. CT Corporation System is SWEPCO's registered agent and is located in Baton Rouge, Louisiana. See id. at 1. There is no evidence that Hulsey is an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process for SWEPCO. See FED. R. CIV. P. 4(h)(1)(B). The fact that Hulsey is an alleged representative of SWEPCO is immaterial for service purposes because SWEPCO has designated CT Corporation System as its registered agent.

Scroggins claims that he attempted to serve SWEPCO twice and failed; however, the Court finds that his attempts do not qualify as due diligence under the law. His attempts were not directed upon CT Corporation System; instead, he tried to personally serve SWEPCO and use the local sheriff's office to conduct service. Under both federal and Louisiana law, Scroggins's attempts are improper for service on a corporation like SWEPCO.

Personal service should be made on SWEPCO's registered agent for service of process. See LA. CODE CIV. P. art. 1261(A). Even if Scroggins made a diligent effort to serve its registered agent, which he did not, he failed to follow any of the additional service procedures under Federal Rule 4(h) or Article 1261(B)(1)-(3). Hulsey is not an officer, director, or anyone named in SWEPCO's public report with the Louisiana Secretary of State. See LA. CODE CIV. P. art. 1261(B)(1). While Hulsey could be considered a SWEPCO employee, Scroggins served him via email, not at a place where SWEPCO's business is

regularly conducted. See LA. CODE CIV. P. art. 1261(B)(2). Lastly, Scroggins failed to follow the process for service under subparagraph three. See LA. CODE CIV. P. art. 1261(B)(3).

The Court's analysis will not discuss service under Article 1262 because Scroggins has failed to demonstrate that he made a diligent effort to adhere to the rules for service under Article 1261. There is sufficient evidence that Scroggins has failed to make timely and proper service on SWEPCO under federal law and Louisiana law. He cannot satisfy his burden of demonstrating that service was proper or show good cause for his failure to timely and properly serve SWEPCO. The fact that Scroggins is pro se "does not excuse the failure to properly effect service of process." Kellet v. Livingston Parish Sch. Dist., No. 24-252, 2024 WL 4706357, at *3 (M.D. La. Oct. 22, 2024).

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that SWEPCO's Motion to Dismiss (Record Document 8) is **GRANTED**. All claims asserted by Scroggins are **DISMISSED WITHOUT PREJUDICE** for improper service.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of June, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE